IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-327-M |
| OMER KUZU | |

**JOINT MOTION TO HAVE CASE DECLARED COMPLEX AND TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES**

The United States of America and the defendant, Omer Kuzu respectfully move to have this case declared complex under the provisions of 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and to continue all pretrial deadlines and the trial date in this case. The government and the defense request that the Trial Setting Order be vacated, that the current trial date of October 7, 2019 be continued, and that a status conference be set on the aforementioned date. In support, the parties provide the following:

**Background**

1. The defendant is charged with conspiring to provide material support to the Islamic State of Iraq and al-Sham (ISIS). (Dkt. 5). As alleged in the criminal complaint, the defendant traveled to Syria and, consequently, this case involves conduct occurring both inside and outside of the United States. (Dkt. 1). The international nature of the case renders this matter an unusual case involving complex legal and factual issues.

2. Moreover, as observed in the Government's Memorandum of law Regarding the Classified Information Procedures Act, 18 U.S.C. App. 3 (CIPA), matters

relating to classified information may arise in connection with this case. (Dkt. 20). As set forth below, this fact, particularly when joined with the international nature of the case, causes this matter to fit squarely within the definition of a complex case under the terms of the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*

**Declaring the Case Complex and Justification for Continuance**

3. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice" continuance at the request of a defendant, defense counsel, or the Government if the Court does so on the basis of the finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court may consider in granting an "ends of justice" continuance are "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

4. This case is "complex" within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), due to the nature of the prosecution, specifically, the international nature of the case coupled with the need to address certain matters under CIPA.

5. The Government will soon be producing discovery material to the defense, which will, of course need to be carefully reviewed by the defense. The Government anticipates that CIPA litigation may be needed to complete the discovery process. The

international nature of the case and the anticipated CIPA litigation make an October 7, 2019 trial unrealistic for both the defense and the Government.

6. The Government will endeavor to accelerate the production of the discovery material as much as feasible. As production occurs, defense counsel will need time to review and assess the information and documents to prepare for trial. The defense will also need time to conduct its own investigation based upon the information contained in the produced materials.

7. Based on the foregoing information, the parties request that the Court issue a written order finding that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendants in a speedy trial; (2) the case is so complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) that it is unreasonable to expect adequate preparation for pretrial or trial proceedings can take place within the time limits of 18 U.S.C. § 3161; and (3) a continuance of the trial date for the duration set forth in this motion is therefore necessary. The government and the defense further requests that the Court vacate the current trial setting and pretrial deadlines, and set a status conference for October 7, 2019 to determine both a trial date and schedule for pre-trial motions and litigation.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Errin Martin*
ERRIN MARTIN
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24032572
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:214-659-8600
Facsimile: 214-659-8805
E-mail: Errin.Martin@usdoj.gov

*s/ Michael J. Dittoe*
MICHAEL J. DITTOE
Trial Attorney
U. S. Dept. of Justice
Illinois Bar No. 6191470
950 Penn. Ave., N.W. Room 7619A
Washington, D.C.
Telephone: 202-307-3804
E-mail: Michael.Dittoe2@usdoj.gov

*s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov

**CERTIFICATE OF CONFERENCE**

On August 12, 2019, I conferred with counsel for the defendant, and they indicated that they join this motion and are therefore, not opposed to the relief requested herein.

*s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney